# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN<br>INSURANCE, COMPANY, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. 3:17CV623–HEH |
| RA TRANSPORT, LLC, *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on its own initiative. Plaintiff Progressive Northern Insurance, Company ("Plaintiff") filed a Complaint (ECF No. 1) on September 14, 2017, seeking a declaratory judgment that it has no obligation to provide insurance coverage to Defendant Milton Aleman and/ or Defendant RA Transport.

After reviewing the Complaint, the Court had concerns that a facial reading of the Complaint may not support subject matter jurisdiction and ordered supplemental briefing from Plaintiff on that issue. (ECF No. 11.) On November 3, 2017, Plaintiff filed a Memorandum Regarding Subject Matter Jurisdiction ("Memorandum") that purports to address the concerns identified by the Court. (ECF No. 12.) The Memorandum requested that, in the event that subject matter jurisdiction is found to be lacking, the Court grant Plaintiff leave to file an amended complaint.

On November 13, 2017, Plaintiff filed a Motion to Withdraw Request for Entry of Default as to GEICO Insurance Company (ECF No. 13) and a Motion to Amend/ Correct

Named Defendant (ECF No. 14), both stemming from Plaintiff incorrectly naming GEICO Insurance Company rather than GEICO Indemnity Company in its Complaint.

For the reasons stated herein, the Court finds that it lacks subject-matter jurisdiction and must dismiss Plaintiff's Complaint without prejudice.[1] The Court will grant Plaintiff's request for leave to file amended complaint. Additionally, the Court will grant Plaintiff's two pending motions.

## I. BACKGROUND

Plaintiff issued a Commercial Auto Insurance Policy ("Policy"), effective February 15, 2016 to February 15, 2017, to Defendant RA Transport LLC, which provided both bodily injury and property damage liability coverage. (Compl. ¶ 16.) The Policy provides: "We will pay all sums an **"insured"** must legally pay as damages because of **"bodily injury"** or **"property damage"** to which this insurance applies, caused by an **"accident"** and resulting from the ownership, maintenance or use of a covered **"auto."** (*Id.* ¶ 18.) Further, the Policy states:

> "**We** will have no duty to provide coverage under this policy unless there has been full compliance with the following duties . . . **you** and any other involved **"insured"** must . . . [c]ooperate with **us** in the investigation, settlement or defense of the claim or **"suit."** The **"insured"** will be deemed not to have cooperated with **us** only if his or her failure or refusal to do so harms our defense of an action for damages

(*Id.*)

On May 12, 2016, Defendant William Seifert ("Seifert") was injured when his motorcycle collided with a 2015 Volvo Tractor driven by Defendant Milton Aleman (the "Accident"). (*Id.* ¶ 12.) The Police Report for the Accident identifies the 2015 Volvo

---

[1] Plaintiff's Memorandum includes information not provided in the Complaint. The Court's analysis is constrained to the four corners of the Complaint.

Tractor as being owned by Defendant GB & Sons Logistics, LLC, and suggests that Defendant Milton Aleman was without the right of way at the time of the Accident. (*Id.* ¶¶ 12, 14.) No lawsuit has been filed by Defendant Seifert in connection with the Accident. (*Id.* ¶ 15.)

On May 15, 2016, Plaintiff received notice of the Accident. (*Id.* ¶ 19.) Subsequently, Plaintiff began an investigation to determine whether Defendant Milton Aleman, Defendant RA Transport LLC, Defendant Ramon Aleman, Defendant Grover Molina ("Molina"), and/ or Defendant GB & Sons LLC qualify as an "insured" within the definition provide by the Policy. (*Id.* ¶ 20.)

As part of this investigation, Plaintiff sought to question Defendant Ramon Aleman, as the representative of Defendant RA Transport LLC, Defendant Milton Aleman, and Defendant Molina, as the representative of Defendant GB & Sons LLC, under oath. (*Id.* ¶ 21.) Despite utilizing a private investigator, Plaintiff has not been able to locate Defendant Ramon Aleman or Defendant Milton Aleman. (*Id.* ¶ 22.) While Defendant Molina did appear for questioning, he has not provided documents that Plaintiff requested, which Defendant Molina claimed existed during his questioning. (*Id.*)

Plaintiff seeks a declaratory judgment that it has no duty to provide insurance coverage to Defendant RA Transport and/ or Defendant Milton Aleman because of the failure to cooperate with Plaintiff's investigation. (*Id.* ¶¶ 25–26.) The Complaint does not identify that an insurance claim or lawsuit has been filed, outside of the present action, in relation to the Accident.

## II. DISCUSSION

The Declaratory Judgment Act authorizes jurisdiction *only* if the Article III case-or-controversy requirement is satisfied. 28 U.S.C. § 2201(a); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 593–94 (4th Cir. 2004); *see Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). Unlike some other jurisdictional grants, which may be mandatory, "[a] federal court has the discretion to entertain a declaratory judgment action when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue; and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (citation and internal quotation marks omitted). Although discretionary, "a district court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." *Volvo Constr. Equip. N. Am., Inc.*, 386 F.3d at 594 (quoting *Cont'l Cas. Co.*, 35 F.3d at 965).

The Supreme Court has stated that the case-or-controversy requirement is met where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (citation omitted). The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* Moreover, the dispute must be "real and substantial," such that a court may provide "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citations and internal quotation marks omitted).

Courts have long struggled to identify the exact point at which the case-or-controversy requirement is met in a declaratory judgment action to determine coverage liability under an insurance contract. Neither the Fourth Circuit nor the United States Supreme Court has provided a precise answer to this question. It is clear that a case or controversy exists in a declaratory judgment action to determine coverage liability by an insurer when a lawsuit has been filed by a third-party claimant against the insured. However, it is less clear what is required in the absence of such an underlying lawsuit. Courts in this District have found that a case or controversy exists when a claim has been filed against the insurance policy at issue. *Standard Fire Ins. Co. v. Armstrong*, Civil Action No. 3:12CV181-HEH, 2012 U.S. Dist. LEXIS 122402, at *6 (E.D. Va. Aug. 28, 2012); *Firemen's Ins. Co. v. Kline & Son Cement Repair, Inc.*, 474 F. Supp. 2d 779, 786 (E.D. Va. 2007). Additionally, some courts have found the case-or-controversy requirement is satisfied when a lawsuit is imminent, a disagreement over coverage exists, or a demand to indemnify has been made. *Md. Cas. Co. v. Shamblen*, No. 2:13-cv-05395, 2014 U.S. Dist. LEXIS 40913, at *1415 (S.D. W. Va. Mar. 27, 2014).

The facts alleged in the Complaint do not present the Court with a justiciable case or controversy. At the outset, Plaintiff specifically states that a lawsuit stemming from the Accident has not yet been filed. Absent from the Complaint is any mention of a claim made against the underlying policy, a demand made for indemnity or a lawsuit that will be filed imminently. Further, even if the Court agreed that a coverage dispute without a claim or complaint was sufficient to establish a case or controversy, it is unclear from the face of the Complaint whether such a dispute exists. While Plaintiff clearly believes that it does not owe

5

coverage in this case, nothing in the Complaint provides an indication that any defendant will seek coverage under the policy.

Excluding the investigation Plaintiff started on its own initiative, the only fact pleaded connecting Plaintiff and the Accident is the declaration: "Progressive received notice of the Accident on May 15, 2016." (Compl. ¶ 19.) Importantly, however, the Complaint provides no information regarding the person who gave this notice or the context in which Plaintiff received it. Simply put, all the Complaint provides is Plaintiff's anticipation of a coverage disagreement and various steps taken by Plaintiff to determine its footing should such a dispute arise, which is insufficient to establish a case or controversy.

Therefore, the Court will dismiss Plaintiff's complaint without prejudice and grant Plaintiff leave to file an amended complaint. Additionally, the Court finds that justice requires allowing Plaintiff to correct the misnaming of a defendant and that doing so will not work to prejudice any party. As such, the Court grants Plaintiff's Motion to Withdraw Request for Entry of Default (ECF No. 13) and Plaintiff's Motion to Amend/ Correct Named Defendant (ECF No. 14).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 14, 2017
Richmond, VA

6